CREMER v. ALGER COUNTY ROAD COMMISSIONERS.

1. PLEADING—STIPULATION—ABANDONMENT OF DEFENSES.
   In veteran's action to recover unpaid wages as maintenance foreman after discharge in violation of the veterans' preference act, in which defendant board of county road commissioners charged plaintiff with neglect of duty, incompetency, and lack of co-operation with those working under him, such defenses are deemed abandoned where the parties stipulated that the issue presented to the trial court was the issue on the right to discharge plaintiff without cause to the end that the proceeding might be treated as in the nature of certiorari to the prosecuting attorney who had ordered plaintiff reinstated (CL 1948, § 35.402).

2. MUNICIPAL CORPORATIONS—VETERANS' PREFERENCE—HEAD OF DEPARTMENT—FIRST DEPUTY.
   Plaintiff, a war veteran and one of four maintenance foremen for defendant board of county road commissioners, a municipal corporation, which was under contract with the State highway commissioner, was not the head of a department or the first deputy of such head which the defendant was entitled to remove or suspend without his consent or without cause since the board was the head of the department and the maintenance superintendent the first deputy (CL 1948, § 35.402).

3. SAME—VETERANS' PREFERENCE IN PUBLIC EMPLOYMENT.
   While the veterans' preference act does not regulate terms of public employment it relates to the status as established by permanent employment, hence veteran who was first employed as common laborer and thereafter for 11 years as maintenance foreman before wrongful discharge, was entitled to reinstatement as such foreman (CL 1948, § 35.401 et seq.).

REFERENCES FOR POINTS IN HEADNOTES
[2–4] 56 Am Jur, Veterans and Veterans' Acts, §§ 11, 12.
[4] Constitutionality of State veterans' public employment preference laws.  161 ALR 494.
[5] 56 Am Jur, Veterans and Veterans' Acts, § 13.

4. STATUTES—VETERANS' PREFERENCE ACT—PERPETUAL PREFERENCE.
   The veterans' preference act is not contrary to the Fourteenth
   Amendment to the Constitution of the United States merely
   because it creates a perpetual preference without time limit
   (CL 1948, § 35.402).

5. DAMAGES—STATUTES—VETERANS' PREFERENCE—MITIGATION.
   Veteran who was discharged from· position as maintenance
   foreman for board of county road commissioners and ordered
   reinstated by prosecuting attorney after statutory hearing
   was entitled to receive compensation for time lost from
   date of dismissal to date of reinstatement at same rate of
   pay as that received when discharged notwithstanding he
   declined to return to defendant's employ as a common la-
   borer, where it does appear he unsuccessfully sought work
   elsewhere (CL 1948, § 35.402).

Appeal from Alger; Runnels (Herbert W.), J. Submitted April 14, 1949. (Docket No. 84, Calendar No. 44,405.) Decided May 18, 1949.

Assumpsit by Sam Cremer against Board of County Road Commissioners of Alger County, a municipal corporation, for unpaid wages. Judgment for plaintiff. Defendant appeals. Affirmed.

*George C. Quinnell,* for plaintiff.

*George S. Baldwin,* for defendant.

NORTH, J. Alleging that he was discharged· by defendant in violation of the veterans' preference act (PA 1897, No 205, as amended)* plaintiff brought suit and had judgment for unpaid wages, which accrued subsequently to his discharge, in the amount of $2,474.66. The defendant, Alger county board of road commissioners, has appealed.

In the trial court the attorneys for the respective parties stipulated that they would "present the issue on the right to discharge (plaintiff) *without cause* to the Court, and to that end agree that the defense

* See CL 1948, § 35.401 *et seq.* (Stat Ann and Stat Ann 1947 Cum Supp § 4.1221 *et seq.*).—REPORTER.

made herein may be treated * * * in the nature of a proceeding in certiorari from the decision and order of the prosecuting attorney * * * to the end that the parties may have a final judgment declaratory of their legal rights on the question of such discharge *without cause having been found* under so-called veterans' preference act." A hearing, as provided in the statute, had been had before the prosecuting attorney which resulted in an order by him for plaintiff's reinstatement in his former employment as a maintenance foreman.

Plaintiff is an honorably discharged veteran of World War I. From 1919 to 1936 he was employed by defendant as a general laborer. In 1936, he was made a maintenance foreman. As such he had charge of the trucks, roads and road crew of about 15 men. They were charged with the maintenance of the highways in a designated area of Alger county. The county seems to have been divided into 4 separate districts. It is not controverted that plaintiff's employment was permanent, not temporary. Plaintiff continued in his employment as such maintenance foreman from 1936 until December 31, 1947. On December 1, 1947, defendant road commission by unanimous resolution dismissed plaintiff as of December 31, 1947, and so notified him.

In accordance with the pertinent statute,* plaintiff protested his discharge. As noted, the statutory

---

* The relevant portion of the statute reads:

"Sec. 2. No veteran or other soldier * * * holding an office or employment in any public department or public works of the State or any county, * * * except heads of departments, * * * and first deputies of such heads of departments, * * * shall be removed or suspended, or shall, without his consent, be transferred from such office or employment except for official misconduct, habitual, serious or willful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony, or incompetency; and such veteran shall not be removed, transferred or suspended for any cause above enumerated from any office or employment, except after a full hearing * * * before the prosecuting attorney if a county employee, * * * and at such hearing

hearing before the prosecuting attorney was had. Plaintiff was charged with neglect of duty, incompetency, and lack of co-operation with those working under him. It is our understanding that by the above noted stipulation these claims are now abandoned. In any event, the hearing before the prosecuting attorney resulted in notice by him to defendant as follows:

"By the authority vested in me by the veterans' act  *   *   *  I hereby reinstate Sam Cremer to his position as foreman of the Alger county road commission, and direct that he be paid compensation from the time of his dismissal at the same rate of compensation as was previously paid him."

At this stage of the controversy all except 1 of the employees who worked under plaintiff signed and presented to defendant the following petition:

"February 11, 1948
"We, the undersigned, employees of the Alger county road commission, hereby request the road

---

the veteran shall have the right to be present and be represented by counsel and defend himself against such charges: *Provided further,* That as a condition precedent to the removal, transfer, or suspension of such veteran, he shall be entitled to a notice in writing stating the cause or causes of removal, transfer, or suspension at least 15 days prior to the hearing above provided for, and such removal, suspension or transfer shall be made only upon written order of  *   *   *  the prosecuting attorney:  *   *   *  *Provided, however,* That where such veteran has been removed, transferred, or suspended other than in accordance with the provisions of this act, he shall file a written protest with the officer whose duty under the provisions of this act it is to make the removal, transfer, or suspension, within 30 days from the day such veteran is removed, transferred, or suspended; otherwise the veteran shall be deemed to have waived the benefits and privileges of this act:  *   *   *  And *provided further,* That where such veteran has been reinstated to his employment upon the written order of the  *   *   *  prosecuting attorney if a county employee,  *   *   *  then such veteran shall be entitled to receive compensation for the time lost from date of such dismissal or suspension to the date of reinstatement at the same rate of pay received by him at the date of dismissal or suspension." PA 1897, No 205, § 2, as amended by PA 1944 (1st Ex Sess), No 22 (CL 1948, § 35.402 [Stat Ann 1947 Cum Supp § 4.1222]).

commission not to re-employ Sam Cremer as foreman as we absolutely refuse to work under him."

On February 16, 1948, the county road commission persisted in the former removal of plaintiff as foreman, and plaintiff through defendant's superintendent was notified of such action by letter, as follows:

"At the regular meeting of the Alger county road commission held on February 16, 1948, it was decided that in view of the fact that a petition has been filed by all, except one, of the employees working under Sam Cremer while he was active foreman, refuse to work under him if he is reinstated to the same position.

"Therefore, it is agreed by this commission that he be employed in another capacity, as of this date, February 16, 1948.

"Very truly yours,
"By GEORGE L. DEPEW, Supt. & Engr."

To the foregoing plaintiff promptly replied:

"Dear Mr. Depew:
"Kindly be advised that my reinstatement by the prosecuting attorney for Alger county holds that such reinstatement be as foreman and that any other employment with the Alger county road commission would not be within the meaning of the veterans' preference act.

"It is therefore recommended that the commission officers reconsider its action of February 16, 1948.

"Yours very truly,
"/s/ SAMUEL CREMER"

There was no reconsideration, and the instant suit followed. Defendant's first contention is that notwithstanding the hearing before the prosecuting attorney and his determination that plaintiff should be reinstated "to his position as foreman," defendant had the right to remove plaintiff as foreman.

This was on the theory that plaintiff was not protected by the veterans' preference act because he should be considered as being within the statutory provisions which excepts from its protection "heads of departments  *  *  *  and first deputies of such heads of departments." This contention is not tenable. Plaintiff was only one of several foremen in defendant's employ. The highway work with which this case is concerned was, in Alger county, done under a contract beteen the State highway commissioner, as first party, and the board of county road commissioners of Alger county. This contract contained numerous restrictions on the powers of the Alger county board of road commissioners which, as we construe this record, was the head of that department in Alger county; and the contract further provided that George L. Depew, with the approval of the first party, be designated maintenance superintendent. It thus appears that the Alger county board of road commissioners was the head of this department and superintendent Depew was its first deputy. Plaintiff was never designated as the head of a department or as a first deputy of the head of a department. The status of plaintiff was the same as that of at least 4 of defendant's foremen and it is farfetched to consider each of the defendant's numerous foremen as a "first deputy" of the head of a department or of the superintendent of Alger county road commission. Plaintiff had no authority over any of the other foremen, nor did any of them have authority over him. Under this record plaintiff's discharge by defendant cannot be considered a lawful discharge as foreman on the theory just above considered.

Defendant also contends that "plaintiff, being hired in 1920 as a general laborer, is not entitled to preference in the job as maintenance foreman to which he was appointed in 1936;" and says: "The

preference he has is only with reference to the position at which he was originally hired.   *   *   *   As we see his preference, it is that he can stay with this department (the maintenance crew), but his duties in connection with this department are to be prescribed by defendant." Defendant's contention in this particular is contrary to our decision in *Walkling* v. *Smith,* 276 Mich 193, which was heard by 5 justices; and in the opinion signed by 4 it was said: "The veterans' act does not regulate terms of employment *but relates to the status as established."* This quoted expression was literally repeated by us in *McManus* v. *Genesee County Road Commission,* 319 Mich 653, 659. As noted above, for a period of more than 11 years plaintiff was permanently employed as one of defendant's maintenance foremen. His status as such was fixed; and except for reasons specified in the statute defendant was without authority to remove him. To hold otherwise would lead to an absurd result. For example, an honorably discharged veteran might be employed as an engineer by the public service commission and unless his status as such is protected by the statute he might be demoted by the commission to a mere telephone inspector; but it is plainly intimated in *Walkling* v. *Smith, supra,* that such demotion would not be permitted under the terms of the veterans' preference act. The statute should be so construed.

It is further contended by defendant that: "The veterans' preference act is contrary to the Fourteenth Amendment to the Constitution of the United States in that it creates a perpetual preference without time limit." We think there is no merit to this contention. No authority is cited by defendant in support thereof. Mere reading of the statute discloses various grounds upon which a veteran may be lawfully discharged. While it is true that no length

of tenure is provided in the statute, we do not find that in consequence thereof the statute is violative of the noted Federal constitutional provision. And it may be observed that under the Federal Constitution Federal judicial officers hold office "during good behaviour." US Constitution, art 3, § 1. If, as is stated in defendant's brief: "The veterans would be sufficiently compensated and protected and the public service would be better served by an act which would set a time limit on preferences;" a matter for consideration by the legislature is presented.

There is no merit to defendant's further contention: "If plaintiff was wrongfully discharged, his recovery should be reduced by the amount he could earn at general labor for the defendant." The reason defendant urges in support of this contention is that it was plaintiff's "duty to mitigate the damages by taking other employment." The answer is that the statute, which is class legislation favoring honorably discharged veterans, in part reads:

"And *provided further,* That where such veteran has been reinstated to his employment upon the written order of the * * * prosecuting attorney if a county employee, * * * then such veteran shall be entitled to receive compensation for the time lost from date of such dismissal or suspension to the date of reinstatement at the same rate of pay received by him at the date of dismissal or suspension."

While it fairly appears that plaintiff declined to return to defendant's employ as a common laborer, he testified he sought employment elsewhere and stated to one to whom he was applying: "I would try anything."

In our judgment this appeal presents no ground or reason that would justify reversal. The judgment

entered in the circuit court is affirmed, with costs to plaintiff herein.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.