McLOGAN v. CRAIG

1. Elections—Manner of Elections—Constitutional Law.
    The legislature is constitutionally charged with prescribing the manner of elections (Const 1963, art 2, § 4).

2. Statutes—Construction of Statutes—"Shall."
    "Shall" is often read as the permissive "may" to effectuate legislative intent, but where "may" is later followed in a statute by "shall", the legislative intent is that "shall" is mandatory.

3. Statutes—Construction of Statutes—"Shall."
    "Shall" will be construed to mean "must" where the public or third persons have a claim *de jure* that an act required by statute shall be done.

4. Elections — Recount — Petition — Notice — Construction of Statutes.
    Statute providing that copy of petition for election recount "shall" be filed with Secretary of State and that notice "shall" be given to opposing candidate *held* to be mandatory, so that recount had without observing these requirements is invalid (MCLA §§ 168.866, 168.868).

Appeal from Genesee, John W. Baker, J. Submitted Division 2 November 7, 1969, at Detroit.

References for Points in Headnotes

[1] 25 Am Jur 2d, Elections §§ 4–6.
[2, 3] 50 Am Jur, Statutes §§ 30, 31.
[4] 26 Am Jur 2d, Elections § 295.
    50 Am Jur, Statutes §§ 30, 31.

(Docket No. 7,097.)  Decided December 4, 1969. Rehearing denied January 23, 1970.

Complaint by Edward A. McLogan against Robert H. Craig in *quo warranto* to test defendant's right to hold the office of county supervisor.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

*Gadola, Gadola & Gadola,* for plaintiff.

*Carl L. Bekofske,* for defendant.

*Robert F. Leonard,* Prosecuting Attorney, *Ward Chapman,* Chief Trial Attorney, and *Paul G. Miller, Jr.,* Chief Assistant Prosecuting Attorney, for intervenor Genesee County.

Before: LESINSKI, C. J., and HOLBROOK and QUINN, JJ.

QUINN, J.  At the November 5, 1968 election in Genesee county, plaintiff and defendant were both candidates for the office of county supervisor from the seventh district.  The county board of canvassers certified that plaintiff was the winner by three votes.

November 22, 1968, defendant filed a petition with the clerk of the board of canvassers for a recount of all precincts in the district.  The statutes controlling recounts were complied with, except defendant failed to file a copy of the petition with the secretary of state as required by MCLA § 168.866 (Stat Ann 1969 Cum Supp § 6.1866) and to notify plaintiff as required by MCLA § 168.868 (Stat Ann 1969 Cum Supp § 6.1868).*

Through some indefinite general knowledge, plaintiff heard of the recount and appeared before the

---

* This statute was amended by PA 1969, No 188.

board of canvassers December 16, 1968 and protested
in writing that defendant had failed to comply with
the recount statute as noted above. When the board
of canvassers indicated its intent to proceed with
the recount despite his protest, plaintiff sought in-
junctive relief in circuit court. December 20, 1968,
this relief was denied on the basis *quo warranto*
after the recount was the appropriate remedy. De-
cember 27, 1968, the recount was held with both
parties participating therein, and defendant was
declared the winner by two votes.

Plaintiff then proceeded with the present action
of *quo warranto* which resulted in a judgment in
plaintiff's favor on the basis the recount was invalid
due to defendant's failure to comply with mandatory
statutory requirements. This appeal followed.

At the outset, we point out that defendant acknowl-
edges he failed to notify plaintiff of the recount as
required by statute, but defendant asserts plaintiff
had actual knowledge thereof, a point plaintiff does
not dispute. It is further noted that although both
parties contested certain ballots in their pleadings
in this action, such contests were abandoned at trial,
and the election result has to be determined by the
original certification or the recount certification, if
the recount was valid. By this statement we do not
ignore defendant's allegation that the trial court
erred in denying defendant's petition for rehearing
in which defendant requested the trial judge to con-
sider the actual ballots and determine which party
received the highest number of valid votes. We
choose to treat that question separately for reasons
of clarity and continuity.

The legislature is constitutionally charged with
prescribing the manner of elections, Const 1963, art
2, § 4. By MCLA § 168.862 (Stat Ann 1969 Cum
Supp § 6.1862):

"Any candidate * * * *may* petition for a recount * * * as in this chapter provided."

The succeeding sections which are applicable to the office here involved and which detail the steps for obtaining a recount, being MCLA §§ 168.865 through 168.870 (Stat Ann 1956 Rev §§ 6.1865, 6.1867, and 6.1870 and Stat Ann 1969 Cum Supp §§ 6.1866, 6.1868, and 6.1869) all speak in terms of what "shall" be done. Although we recognize that "shall" is often read as the permissive "may" to effectuate legislative intent, this is not the case where "may" is later followed in the statute by "shall". In the latter case the Supreme Court has held such use of the words expresses the intent of the legislature that "shall" is mandatory. *Moore* v. *Vrooman* (1875), 32 Mich 526, *Smith* v. *School District No. 6, Fractional, Amber Township* (1928), 241 Mich 366.

In addition, "shall" will be construed to mean "must" where the public or third persons have a claim *de jure* that the act shall be done. *Sauder* v. *District Board of School District No. 10, Township of Royal Oak, Oakland County* (1935), 271 Mich 413. Here plaintiff had a claim *de jure* to the statutory notice. From the foregoing and *Wheeler* v. *Coleman* (1913), 176 Mich 285, we conclude the trial court properly construed the statutory provision that defendant failed to comply with as mandatory, and we affirm the holding below that the recount was invalid. This holding is not contrary to any authority relied on by defendant.

With respect to defendant's claim that the trial judge erred reversibly in denying defendant's petition for rehearing which contained the request for consideration of the ballots involved, such a petition is addressed to the trial court's discretion which will not be interfered with on appeal unless that discre-

tion has been abused. *Barnes* v. *Kent Circuit Judge* (1893), 97 Mich 212.

The record discloses that plaintiff and defendant both abandoned any claim relating to contested ballots at the January 24, 1969, hearing on plaintiff's application for *quo warranto*. Both parties agreed that the issue before the Court was the issue of statutory notice to plaintiff and whether the notice requirement was mandatory. Such an agreement is deemed an abandonment of the other issues. *Cremer* v. *Alger County Road Commissioner* (1949), 325 Mich 27.

We have affirmed the trial court's determination that the recount was invalid. That court did not abuse its discretion in denying defendant's request to consider the actual ballots involved in determining who was entitled to the office involved.

Affirmed with costs to plaintiff.

All concurred.