COOK v. JACKSON.

Officers—Veterans' Preference Act—Failure to File Written Protest—Waiver—Mandamus.

War veteran discharged by warden of State prison from employment as traffic clerk, who failed to file written protest with governor within 30 days after his discharge, waived benefits of veterans' preference act giving him right to hearing before governor, and therefore he is not entitled to writ of mandamus requiring warden to reinstate him (1 Comp. Laws 1929, §§ 900–903, as amended by Act No. 67, Pub. Acts 1931).

Mandamus by Donald B. Cook to compel Harry H. Jackson, warden of Michigan State prison at Jackson, to reinstate plaintiff as east gate traffic clerk. Submitted June 27, 1933. (Calendar No. 37,162.) Writ denied June 29, 1933.

*L. A. Vincent,* for plaintiff.

*Patrick H. O'Brien,* Attorney General, and *Walter A. Kirkby,* Assistant Attorney General, for defendant.

Fead, J. Plaintiff prays for a writ of mandamus to compel defendant to reinstate him in his former employment as east gate traffic clerk in the Michigan State prison at Jackson, on the ground that he was discharged without just cause, without hearing, and without written order of the governor, in violation of the veterans' preference act, 1 Comp. Laws 1929, §§ 900–903, as amended by Act No. 67, Pub. Acts 1931. Many questions are raised, but it is sufficient to consider only one.

Plaintiff, two days after his discharge by defendant, sent to defendant, addressed to him as warden, and to the chairman of the Michigan State prison commission, a written request for reinstatement. Neither the petition for mandamus nor the traverse of the return alleged that he had filed with the governor a written protest.

Section 2 of the act (1 Comp. Laws 1929, § 901, as amended by Act No. 67, Pub. Acts 1931) sets up the *modus operandi* of the preference. After providing that a veteran in State service shall not be removed from his office or employment except for certain stated causes and after a full hearing before the governor, at which the veteran has a right to

be present, with counsel, and defend himself, the act provides:

"*Provided further;* That as a condition precedent to the removal of such veteran, he shall be entitled to a notice stating the cause or causes of removal at least fifteen days prior to the hearing above provided for, and such removal, suspension or transfer shall be made only upon a written order of the governor * * * *Provided, however,* That where such veteran has been removed, transferred, or suspended other than in accordance with the provisions of this act, he shall file a written protest with the officer whose duty under the provisions of this act it is to make the removal, transfer, or suspension, within thirty days from the day such veteran is removed, transferred, or suspended; otherwise the veteran shall be deemed to have waived the benefits and privileges of this act."

As the removal can be "made only upon a written order of the governor," the governor is "the officer whose duty under the provisions of this act it is to make the removal" and with whom written protest must be filed by the veteran. It is incredible that the legislature intended the governor, with his multitudinous duties, to keep account of veterans in service of the State and initiate proceedings for a hearing when one is discharged, without notice to him that the statute had been violated and the veteran claims its benefits.

By failure to file a written protest with the governor within 30 days after his removal, plaintiff waived the benefits of the act, and the writ is denied.

McDonald, C. J., and Clark, Potter, Sharpe, North, Wiest and Butzel, JJ., concurred.