JACKSON v DETROIT POLICE CHIEF

Docket No. 134676. Submitted February 11, 1993, at Detroit. Decided August 16, 1993, at 9:05 A.M. Leave to appeal sought.

Charles H. Jackson, a Detroit police commander who was informed by Detroit Police Chief William L. Hart that he would be demoted to lieutenant, brought an action in the Wayne Circuit Court against the police chief, seeking a declaration regarding his rights under the veterans' preference act, MCL 35.401 *et seq.*; MSA 4.1221 *et seq.* The plaintiff was then demoted without a hearing. The court, John A. Murphy, J., granted summary disposition for the police chief, ruling that the plaintiff, as a police commander serving at the pleasure of the police chief, was not a permanent employee subject to the act. The plaintiff appealed.

The Court of Appeals *held:*

1. The position of police commander is not one of the high-level positions that are exempted from coverage by the act. The fact that the plaintiff, as a police commander, served at the pleasure of the chief of police did not make the plaintiff's employment temporary and not subject to the act. Rather, the plaintiff's employment was permanent, terminable at will, and subject to the act.

2. Section 2 of the act, MCL 35.402; MSA 4.1222, requires that any employment action against a covered veteran be preceded by notice and a hearing.

3. The remedy for a violation of the "notice and hearing" provisions of § 2 is not reinstatement with back pay. If the plaintiff filed a written protest with the Mayor of Detroit regarding the demotion, the mayor must conduct a hearing or refer the protest to the city's legal department. The plaintiff would be entitled to back pay if it is found that his allegations are true and that he should be reinstated.

Reversed.

STATUTES — VETERANS' PREFERENCE ACT — POLICE.

A veteran employed as a municipal police commander who serves

REFERENCES

Am Jur 2d, Veterans §§ 122-126.

See ALR Index under Veterans and Veterans' Administration.

at the pleasure of the chief of police pursuant to city charter is not a temporary employee, but an employee in a permanent position whose employment is terminable at will; a demotion of a veteran in such a position without the consent of the veteran is governed by the veterans' preference act (MCL 35.402; MSA 4.1222).

*Amos E. Williams,* for the plaintiff.

*Donald Pailen,* Corporation Counsel, *Thomas L. Walters,* Deputy Corporation Counsel, and *Terri L. Hayles* and *David J. Masson,* Assistant Corporation Counsel, for the defendant.

Before: MARILYN KELLY, P.J., and SHEPHERD and CONNOR, JJ.

CONNOR, J. Charles H. Jackson brought this action against Detroit Police Chief William L. Hart, seeking a declaration of his right to protection under the veterans' preference act (VPA), MCL 35.401 *et seq.;* MSA 4.1221 *et seq.* The trial court summarily dismissed plaintiff's complaint pursuant to MCR 2.116(C)(8). Plaintiff appeals as of right. We reverse.

A motion for summary disposition brought pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the claim by the pleadings alone. *Parkhurst Homes, Inc v McLaughlin,* 187 Mich App 357, 360; 466 NW2d 404 (1991). All factual allegations in support of the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts. *Id.* The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Id.*

According to his complaint, plaintiff was a police department commander in Detroit. The city char-

ter provides that police commanders serve at the pleasure of the police chief. On July 27, 1990, defendant, then the police chief, told plaintiff that he would be demoted to the rank of lieutenant on August 16, 1990. Under department rules, the demotion would result in plaintiff being transferred from his position of commanding the second precinct.

Plaintiff had served in the armed forces during the Korean conflict, and had been honorably discharged. On August 15, 1990, he filed this action, seeking a declaration that he was entitled to the protection of the VPA. Two days later, plaintiff was demoted without a hearing.

The trial court ruled that, because the city charter specifies that police commanders serve at the pleasure of the police chief, plaintiff was not protected by the VPA. Plaintiff contends that this ruling was in error. We agree.

The VPA provides in part:

> No veteran . . . holding an office or employment in a public department . . . shall be removed or suspended, or shall without his consent be transferred from such office or employment except for official misconduct, habitual, serious or willful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony, or incompetency . . . . [MCL 35.402; MSA 4.1222.]

The only veterans employed by state and local governments who are not protected by the VPA are department heads, members of commissions and boards, heads of institutions appointed by the governor, officers appointed by a city's mayor under the city's charter, and first deputies of such people. *Id.* Plaintiff was neither appointed by the mayor nor a first deputy of the police chief. Consequently, the exceptions do not apply to plaintiff

and, as a covered employee, he is entitled to the protections the VPA provides.

The statute's coverage includes protection from demotion. *Cremer v Alger Co Rd Comm'rs,* 325 Mich 27, 33; 37 NW2d 699 (1949). The VPA requires notice and a hearing before taking any employment action against a veteran. MCL 35.402; MSA 4.1222. However, in *Smith v Flint City Comm,* 258 Mich 698, 701; 242 NW 814 (1932), our Supreme Court held that the VPA did not prevent a city from discharging a veteran without notice and a hearing for lack of work, reasons of economy, or because the office or position had been abolished. Furthermore, the VPA is not violated by discharge from public employment designated as temporary in authorization and appointment, because the VPA does not prolong employment beyond the public need. See *Walkling v Smith,* 276 Mich 193, 199-200; 267 NW 616 (1936).

Defendant argues that plaintiff is a temporary employee because police commanders serve at the pleasure of the police chief. We disagree. Serving at the pleasure of the police chief makes a commander's employment terminable at will. However, at-will employment is quite different from temporary employment. The office of second precinct commander existed before plaintiff occupied it, and presumably will continue to exist indefinitely into the future. Thus, although a particular police officer's hold on the office may be tenuous, the office itself is not temporary.

The VPA protects veterans holding at-will public employment positions by converting those positions to ones that are terminable only for just cause; the VPA does not regulate the terms of employment, but it does affect the status of employment as established. See *Walkling, supra* at

200. The trial court erred in finding that a commander's at-will status made plaintiff a temporary employee not protected by the statute. We reverse the trial court's dismissal of plaintiff's complaint.

Having decided that plaintiff is entitled to the protection of the VPA, we must determine what remedy is available to redress defendant's failure to abide by the VPA. We do not concur with plaintiff's conclusion that he is entitled to automatic reinstatement with back pay.

The VPA gave plaintiff a right to notice and a hearing before his demotion. The statute in clear language prohibits taking any employment action against a veteran until after there has been notice and a hearing. See MCL 35.402; MSA 4.1222.[1] Failing to give notice and a hearing is a violation of the VPA subject to criminal prosecution. See MCL 35.403; MSA 4.1223. However, the remedy the VPA provides for a violation of the right to notice and a hearing is not automatic reinstatement with back pay. Because plaintiff was demoted without a hearing, he was required to file a written protest with the mayor or he would be deemed to have waived the protections of the VPA. MCL 35.402; MSA 4.1222. If plaintiff filed such a protest, the mayor would be required to conduct a hearing, or refer the protest to the city's legal department to conduct a hearing. *Id.* Plaintiff would be entitled to back pay only if the mayor found plaintiff's allegations to be true and determined that he should be reinstated. *Id.*; see also *Valentine v Redford Twp Supervisor,* 371 Mich 138, 147; 123 NW2d 227 (1963).

Reversed.

---

[1] We disagree with the conclusion reached in *Adams v Detroit,* 184 Mich App 589, 597-600; 458 NW2d 903 (1990), that holding a hearing before taking action is not required.