# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES VAYDA,

Plaintiff-Appellee,

v

COUNTY OF LAKE,

Defendant-Appellant.

FOR PUBLICATION
October 19, 2017
9:05 a.m.

No. 333495
Lake Circuit Court
LC No. 15-008958-AS

Before: BOONSTRA, P.J., and METER and GADOLA, JJ.

GADOLA, J.

This case requires us to reconcile provisions set forth by MCL 46.30a of the county boards of commissioners' act (CBCA), MCL 46.1 *et seq.*, and MCL 35.402 of the veterans' preference act (VPA), MCL 35.401 *et seq.* The issue on appeal is whether plaintiff, Charles Vayda, was entitled to notice and a hearing under the VPA before the termination of his employment with the Lake County Sheriff's Office, after he became a member of the Lake County Board of Commissioners (the Board). We hold that the conclusion of plaintiff's employment as a sheriff's deputy did not trigger the notice and hearing requirements of the VPA because plaintiff made himself ineligible for continued employment with the sheriff's office by accepting a position on the Board. We therefore reverse the trial court's order granting plaintiff's motion for summary disposition and remand for entry of an order granting the motion for summary disposition filed by defendant, the County of Lake (the County).

## I. BACKGROUND OF THE CASE

Plaintiff is a military veteran who was employed by the County as a sheriff's deputy from 1991 until the circumstances giving rise to this case. After plaintiff was elected to the Board in November 2014, the Board filed a lawsuit seeking a declaratory ruling regarding whether plaintiff could hold both the position of county commissioner and the position of sheriff's deputy simultaneously. The Board asked the court to enter a declaratory judgment stating that plaintiff "must resign either his position as a deputy in the Sheriff's Office or his position as a member of the Lake County Board of Commissioners" because holding both positions violated Michigan's incompatible public offices act (IPOA), MCL 15.181 *et seq.*, and MCL 46.30a of the CBCA. Plaintiff alleged in that lawsuit that on January 2, 2015, the day he was sworn in as a county commissioner, Lake County Sheriff Robert Hilts met with him and asked him to resign from his

-1-

position as a sheriff's deputy. Plaintiff refused to resign, and Sheriff Hilts placed him on unpaid administrative leave pending the outcome of the Board's lawsuit.

In the Board's lawsuit, the circuit court concluded that inherent conflicts of interest existed between the county commissioner and sheriff's deputy positions and that, under MCL 46.30a of the CBCA and MCL 15.182 and MCL 15.183 of the IPOA, plaintiff could "not hold both positions simultaneously." Plaintiff maintained, however, that the circuit court did not specify from which position he must resign. After the circuit court issued its opinion and order in the Board's lawsuit, Sheriff Hilts sent plaintiff a letter stating that his employment as a sheriff's deputy had been terminated.[1]

Plaintiff then filed his complaint in the instant action, alleging that the County violated his rights under MCL 35.402 of the VPA by failing to provide notice and a hearing before terminating his employment as a sheriff's deputy. Plaintiff asserted that the County should have allowed him to choose which position he would like to maintain because the circuit court did not direct his withdrawal from one position over the other in the Board's lawsuit. Plaintiff claimed that he informed Sheriff Hilts that he would step down from his role as a county commissioner because he wanted to remain a sheriff's deputy.

Plaintiff alleged that, after the conclusion of his employment as a sheriff's deputy, he sent a letter to Lake County's prosecuting attorney, Craig R. Cooper, requesting a VPA hearing, but the County refused his request. Plaintiff said he received a letter from Cooper, dated June 24, 2015, which stated that the "issues presented under the [VPA] have already been decided based on the doctrine of Res Judicata." Plaintiff argued, however, that res judicata did not apply because the circuit court in the Board's lawsuit did not address which position plaintiff was required to give up. Plaintiff asked the court to issue a writ of superintending control compelling the County to hold a VPA hearing. He also asked the court to issue an order to show cause regarding why the County denied plaintiff his rights under the VPA.

Thereafter, plaintiff filed a motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and the County filed a responding motion for summary disposition under MCR 2.116(C)(7) (claim barred by prior judgment), MCR 2.116(C)(8), and MCR

---

[1] Plaintiff alleged in his complaint that Sheriff Hilts sent the letter "on the same day," March 10, 2015, that the circuit court issued its declaratory ruling in the Board's lawsuit. In its answer, the County alleged that "Sheriff Hilts terminated Plaintiff's employment on March 12, 2015, by letter," or two days after the circuit court issued its ruling. Plaintiff contends that he should have been given more time to decide which position he would like to keep, but according to the County, plaintiff had two days after the circuit court issued its ruling to make a decision before Sheriff Hilts took any action. In any event, as discussed in more detail in this opinion, once the circuit court issued its ruling, plaintiff became ineligible to hold both positions simultaneously and subjected both himself and Sheriff Hilts to criminal culpability for *any* period, whether two hours or two days, of continued employment as a sheriff's deputy. Therefore, if plaintiff had a preference to remain a sheriff's deputy and vacate his position as a county commissioner, he was obligated to make that election immediately upon the circuit court's ruling, which he failed to do.

2.116(C)(10) (no genuine issue of material fact). Following a hearing, the trial court granted plaintiff's motion for summary disposition and denied the County's motion. In support of its decision, the court offered the following analysis:

> The Veteran's Preference Act requires that a qualifying veteran is entitled to a hearing pursuant to MCL § 35.402. Plaintiff is a qualifying veteran. The statute plainly requires a hearing prior to termination of employment. Plaintiff was not afforded a hearing even after he made a written request for a hearing. There is no authority presented to the Court by defendant which would authorize the Prosecuting Attorney to deny the hearing. In essence the decision was made by the Prosecuting Attorney without hearing all the facts. That decision violates the express terms of the VPA. The Court remands this issue to the Prosecuting Attorney as the entity required to hold the hearing. . . .
>
> Defendant's Motion for Summary Disposition alleges that the claims by plaintiff are barred by res judicata and collateral estoppel and constitute an impermissible collateral attack on this Court's prior judgment. Defendant argues that plaintiff's request for a VPA hearing was "fully and finally determined when this Court held that he could not serve simultaneously as a deputy sheriff and County Commissioner." The Court disagrees with this position. The legal opinion that plaintiff could not hold both positions is distinct from the facts and circumstances of his termination. Those facts are currently in dispute. That dispute could be heard at a VPA hearing. The relief requested in the prior lawsuit by the current defendant was a declaration that [plaintiff] could not hold both positions and that [plaintiff] then chose which position he would continue. The facts as alleged demonstrate there is a question of fact regarding whether he was given that opportunity. There is nothing in the prior opinion of this Court that says that [plaintiff] should have been terminated from the Sheriff's office. . . . Consistent with the Court's prior ruling, it would have been appropriate for the County to give plaintiff a reasonable amount of time to decide which position he would continue. This was the specific relief requested by the County Board of Commissioners and granted in the prior case. Whether or not [plaintiff] was given an opportunity to chose [sic] is a factual question to be determined at a VPA hearing. This action does not constitute a collateral attack on the prior Order of the Court because the prior Order did not in any manner dictate that [plaintiff] should be terminated from the Sheriff's Department. However, if there is a question regarding clarification of the prior Order, that question should be raised in the prior case, not this one.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Although the trial court did not specify under which subrule it granted plaintiff's motion, it appears that the court confined its

analysis to information set forth by the parties in their pleadings alone, so we will treat the motion as having been granted under MCR 2.116(C)(9).[2] When deciding a motion under MCR 2.116(C)(9), a trial court considers the pleadings alone, accepting as true all well-pleaded allegations, to assess the sufficiency of a defendant's defenses. *Abela v Gen Motors Corp*, 257 Mich App 513, 517; 669 NW2d 271 (2003). "Summary disposition under MCR 2.116(C)(9) is proper when the defendant's pleadings are so clearly untenable that as a matter of law no factual development could possibly deny the plaintiff's right to recovery." *Id.* at 518 (citation omitted).

This case also implicates questions of statutory interpretation, which we review de novo. *Bukowski v Detroit*, 478 Mich 268, 273; 732 NW2d 75 (2007).

## III. ANALYSIS

"The VPA was enacted for the purpose of discharging, in a measure, the debt of gratitude the public owes to veterans who have served in the armed services in time of war, by granting them a preference in original employment and retention thereof in public service." *Sherrod v Detroit*, 244 Mich App 516, 523; 625 NW2d 437 (2001) (quotation marks and citation omitted). The VPA "entitles a veteran to notice and a hearing before his employer may take any action against him with respect to his employment" and "converts at-will public employment positions into ones that are terminable only for just cause." *Id.* Because the conversion of at-will public employment into just-cause employment gives a veteran a property interest in continuing such employment once it is secured, failure to comply with the procedural requirements of the VPA may support a due process claim. *Id.* Further, MCL 35.403 states that failing to provide notice and a hearing in violation of the VPA subjects the offender to criminal prosecution. See also *Jackson v Detroit Police Chief*, 201 Mich App 173, 177; 506 NW2d 251 (1993).

Also at issue in this case is MCL 46.30a of the CBCA, which states, in part, the following:

---

[2] Plaintiff moved for summary disposition under MCR 2.116(C)(8), but this subrule only entitles a movant to summary disposition if "[t]he opposing party has failed to state a claim on which relief can be granted." As the defendant in the action, the County was not asserting any claim against plaintiff; rather, it is clear from plaintiff's motion that he was challenging the sufficiency of the defenses asserted by the County in its responsive pleadings. MCR 2.116(C) states that a movant must specify the grounds on which a motion for summary disposition is based, but exact technical compliance is not required. *Mollett v City of Taylor*, 197 Mich App 328, 332; 494 NW2d 832 (1992). Considering the substance of the County's responsive motion for summary disposition and its arguments at the hearing on the parties' motions, we are satisfied that plaintiff's motion and arguments were sufficiently clear to allow the County to understand and fully respond to the issues before the court. See *Moy v Detroit Receiving Hosp*, 169 Mich App 600, 605; 426 NW2d 722 (1988) (rejecting a challenge to an order granting summary disposition on the basis that the movants failed to identify the specific subrule under which they sought summary disposition).

-4-

(1) A member of the county board of commissioners of any county shall not be eligible to receive, or shall not receive, an appointment from, or be employed by an officer, board, committee, or other authority of that county except as otherwise provided by law.

(2) In case of an appointment or employment made in violation of this section, both the person making the appointment or employment and the person appointed or employed shall be liable for moneys paid to the person as salary, wages, or compensation in connection with the appointment or employment. In case the appointment or employment is made by a committee or board, a member of the committee or board at the time the appointment was made or contract of employment entered into shall be liable. An action for the recovery of salary, wages, or compensation paid in connection with any appointment or employment made in contravention of this section, may be maintained by a taxpayer of the county. The moneys recovered in the action shall be deposited in the county treasury to the credit of the general fund.

(3) The prosecuting attorney of the county, upon the request of the taxpayer, shall prosecute the action in the taxpayer's behalf.

(4) A member of the county board of commissioners accepting an appointment or employment in violation of this section is guilty of a misdemeanor, punishable by a fine of not more than $100.00 or imprisonment for not more than 90 days, or both. An officer or other official, or a member of a board or committee making an appointment or employment in violation of this section is guilty of a misdemeanor, punishable by imprisonment for not more than 90 days, or a fine of not more than $100.00, or both.

The issue in this case is whether plaintiff was entitled to notice and a hearing under the VPA before the conclusion of his employment as a sheriff's deputy after he accepted a position on the Board. In the Board's previous lawsuit, the circuit court held that plaintiff could not hold both positions simultaneously without violating MCL 46.30a of the CBCA and MCL 15.182 and MCL 15.183 of the IPOA. Neither party has challenged this determination. In the instant action, plaintiff asserts that he was nonetheless entitled to notice and a hearing under the VPA before the conclusion of his employment as a sheriff's deputy and that the County should have given him an opportunity to choose which position he would vacate. In contrast, the County argues that plaintiff was not entitled to the protections of the VPA because he made himself ineligible for continued employment as a sheriff's deputy by accepting a position on the Board.

MCL 46.30a(1) of the CBCA makes clear that a member of any county board of commissioners "shall not . . . be employed by . . . [an] authority of that county except as otherwise provided by law." MCL 46.30a(2) states that, in the case of "employment made in violation of [MCL 46.30a], both the person making the . . . employment and the person . . . employed shall be liable for moneys paid to the person as salary, wages, or compensation in connection with the . . . employment." More important is the fact that MCL 46.30a(4) states that "[a] member of the county board of commissioners accepting . . . employment in violation of this section" and "[a]n officer or other official . . . making an . . . employment in violation of this

-5-

section is guilty of a misdemeanor, punishable by imprisonment for not more than 90 days, or a fine of not more than $100.00, or both."

Consistent with the circuit court's declaratory ruling in the Board's previous lawsuit, and considering the penalties set forth by MCL 46.30a, both plaintiff and Sheriff Hilts, as the county authority employing plaintiff, would be liable for any salary or compensation paid in connection with plaintiff's continued employment as a sheriff's deputy after he became a member of the Board. Moreover, once plaintiff became a member of the Board, both he and Sheriff Hilts would be *criminally culpable* under MCL 46.30a(4) for any period that plaintiff remained a sheriff's deputy with the County in violation of the CBCA.

In spite of this fact, plaintiff argues that he was entitled to notice and a hearing under the VPA before his employment as a sheriff's deputy ceased. The relevant statutory provision of the VPA, MCL 35.402, states, in pertinent part, the following:

> *No veteran . . . holding* an office or *employment in any public department* or public works *of* the state or *any county*, city or township or village of the state, except heads of departments, members of commissions,[3] and boards and heads of institutions appointed by the governor and officers appointed directly by the mayor of a city under the provisions of a charter, and first deputies of such heads of departments, heads of institutions and officers, *shall be removed* or suspended, or shall, without his consent, be transferred *from such* office or *employment except for official misconduct, habitual, serious or willful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony, or incompetency; and such veteran shall not be removed*, transferred or suspended *for any cause above enumerated from any* office or *employment, except after a full hearing* before the governor of the state if a state employee, or *before the prosecuting attorney if a county employee . . . .* [Emphasis added.]

---

[3] We note that this Court has previously stated that the "only veterans employed by state and local governments who are not protected by the VPA are department heads, members of commissions and boards, heads of institutions appointed by the governor, officers appointed by a city's mayor under the city's charter, and first deputies of such people." *Jackson*, 201 Mich App at 175. Neither party suggests on appeal that this exception could apply to plaintiff to exclude him from protection under the VPA regarding his challenge to the termination of his employment as a sheriff's deputy. Even assuming plaintiff is a member of a commission as contemplated by the exception in MCL 35.402, it is clear from reading the statute as a whole that the exception only applies when a veteran challenges his or her removal, suspension, or transfer "from such office or employment," for example, if plaintiff, as a county commissioner, was hypothetically removed and challenged his removal from the Board. The exception is therefore inapplicable to this case in which plaintiff, a county commissioner, is challenging his termination from an unrelated public employment position with the County.

As a condition precedent to removal, the statute further states that a veteran "shall be entitled to a notice in writing stating the cause or causes of removal . . . at least 15 days prior to the hearing . . . ." MCL 35.402.

In our opinion, whether the notice and hearing requirements of MCL 35.402 apply to plaintiff depends on whether plaintiff was "removed"[4] from his employment as a sheriff's deputy. When the meaning of statutory language is clear, judicial construction is neither required nor permitted. *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 720; 691 NW2d 1 (2005). We accord to every word or phrase of a statute its plain and ordinary meaning unless a statutory term has a special, technical meaning or is defined by the statute itself. *Casco Twp v Secretary of State*, 472 Mich 566, 593 n 44; 701 NW2d 102 (2005). Statutory provisions cannot be read in isolation, but must be read in context, giving meaning and effect to the act as a whole. *Robinson v Lansing*, 486 Mich 1, 15; 782 NW2d 171 (2010).

The VPA does not define the word "removed," but in the absence of a statutory definition or a special, technical meaning, we may consult a dictionary to ascertain the plain and ordinary meaning of a statutory term. See *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). *Merriam-Webster's Collegiate Dictionary* (11th ed), contains several definitions of the word "remove," which include, omitting definitions related to the transfer of a legal proceeding from one court to another and the dismissal of an officeholder from office, "to change the location, position, station, or residence of," "to get rid of: ELIMINATE," "to change location, station, or residence," and "to go away." Although the conclusion of plaintiff's employment as a sheriff's deputy could be said to constitute a change of his employment position, this change was effectuated by plaintiff's own voluntary conduct of running for, and ultimately accepting, a position on the Board. In our opinion, the notice and hearing requirements of MCL 35.402 were not triggered in this instance because plaintiff made himself ineligible for continued employment as a sheriff's deputy by accepting a position on the Board; his employer did not "remove" him from his employment. Indeed, plaintiff removed himself from employment by his voluntary action of assuming a position on the Board, particularly in the face of the trial court's prior ruling in the Board's declaratory action against him and the mandatory language of the CBCA.

Admittedly, the verb "removed" as used in MCL 35.402 is written in the passive voice, and some authority in Michigan suggests that when a verb is written in the passive voice, it does not require that any particular person perform the specified action. See *Perkovic v Zurich American Ins Co*, ___ Mich ___, ___; ___ NW2d ___ (2017) (Docket No. 152484), slip op at 8-10 (interpreting the notice provision of MCL 500.3145(1), which was written in the passive voice, as focusing on the content of the notice rather than on the person providing the notice); see also *Fields v Suburban Mobility Auth*, 311 Mich App 231, 243-244; 874 NW2d 715 (2015) (SHAPIRO, J., concurring) ("The operative phrase requiring provision of the notice is written in

---

[4] It is apparent from the record that plaintiff's employment as a sheriff's deputy ended shortly after the circuit court issued its declaratory ruling in the Board's previous lawsuit. Therefore, plaintiff was clearly not "suspended" or "transferred" for purposes of MCL 35.402.

the passive voice, i.e., it does not require that any particular person provide the written notice, only that it be provided within 60 days . . . ."). Considering the statutory term "removed" in context, however, it is clear that the VPA is designed only to protect a qualifying veteran who holds public employment from adverse employment action taken by his or her employer, not to impose arduous notice and hearing procedures any time a veteran makes a voluntary career move. See *Sherrod*, 244 Mich App at 523 (explaining that the VPA "entitles a veteran to notice and a hearing before *his employer* may take any action against him with respect to his employment"); see also *Cleveland Bd of Educ v Loudermill*, 470 US 532, 538; 105 S Ct 1487; 84 L Ed 2d 494 (1985) (explaining that once a state legislature confers a property interest in public employment, *an employer* may not deprive the employee of that interest absent appropriate procedural safeguards). The procedural safeguards of the VPA were not triggered in this case because the conclusion of plaintiff's employment as a sheriff's deputy was effectuated by his voluntary decision to accept an incompatible position on the Board, which made him ineligible for continued employment as a sheriff's deputy. Sheriff Hilts had no need to terminate plaintiff's employment because plaintiff rendered himself ineligible for continued employment once he took the oath of office as a county commissioner. MCL 46.30a. The trial court therefore erred by concluding that plaintiff was entitled to a VPA hearing and by granting his motion for summary disposition.

Further, to the extent plaintiff argues that he should have been given a reasonable amount of time after the circuit court issued its declaratory ruling in the Board's previous lawsuit to decide which position he would keep and from which he would resign, we conclude that any such argument lacks merit. Considering the circuit court's declaratory ruling, at the moment plaintiff became a member of the Board, he made himself ineligible for continued employment as a sheriff's deputy and rendered both himself and Sheriff Hilts criminally culpable if such employment continued. See MCL 46.30a(4). The County was not obligated to subject itself to criminal liability for any period of time while plaintiff attempted to maintain his illegal and incompatible positions.

## IV. CONCLUSION

Plaintiff was not entitled to the procedural protections of the VPA because the conclusion of his employment as a sheriff's deputy was effectuated by his voluntary acceptance of an incompatible position on the Board, which made him ineligible for continued employment as a sheriff's deputy. The trial court therefore erred by concluding that plaintiff was entitled to a VPA hearing and by granting his motion for summary disposition in this regard. Because

plaintiff was not entitled to the protections provided by the VPA, the trial court should have granted the County's motion for summary disposition regarding plaintiff's claims.[5]

Reversed and remanded for entry of an order granting summary disposition in favor of the County. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Patrick M. Meter

---

[5] On appeal, the County raises numerous other arguments regarding why the trial court should have granted its motion for summary disposition. Although it is not essential that we address these alternative arguments, having concluded that summary disposition in favor of the County should have been granted for the reasons already stated in this opinion, we take a moment to do so here. First, we disagree with the County that plaintiff's claims were barred by the doctrines of res judicata and collateral estoppel. Whether the manner of plaintiff's termination from his employment as a sheriff's deputy violated the procedural requirements of the VPA was not litigated in the Board's previous lawsuit, nor could it have been, because his employment did not end until after the circuit court issued its declaratory ruling in the case. See *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004) (explaining that one element of res judicata requires that the matter in the second case was or could have been resolved in the first); *Monat v State Farm Mut Ins Co*, 469 Mich 679, 683; 677 NW2d 843 (2004) (explaining that collateral estoppel requires that an issue be actually litigated and necessarily determined to preclude its relitigation). We also disagree with the County that plaintiff's claim that he was entitled to a VPA hearing is moot because the only remedy available under the VPA is reinstatement to the prior employment and possible back pay, which was prohibited by the CBCA. This Court has held that the immediate remedy for failure to hold a hearing when it is required under the VPA is the provision of the hearing to which the employee is entitled. *Jackson*, 201 Mich App at 177; *Valentine v McDonald*, 371 Mich 138, 147; 123 NW2d 227 (1963). We would agree, however, that plaintiff was not entitled to a writ of superintending control. The distinction between actions for mandamus and for superintending control is often confused. *Choe v Flint Charter Twp*, 240 Mich App 662, 665-667; 615 NW2d 739 (2000). Although both serve as vehicles for compelling the performance of a clear legal duty, a writ of superintending control is directed toward lower courts or tribunals while a writ of mandamus is directed toward public officials. See *Jones v Dep't of Corrections*, 468 Mich 646, 658; 664 NW2d 717 (2003); *In re Payne*, 444 Mich 679, 687-689; 514 NW2d 121 (1994). In this case, plaintiff's action is based on the theory that the Lake County prosecutor, not a lower court or tribunal, failed to perform a clear legal duty to afford him a hearing under the VPA. Plaintiff has failed to demonstrate entitlement to such a hearing for the reasons already stated in this opinion, but regardless, the appropriate remedy would have been to seek a writ of mandamus, rather than superintending control.