*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANGELA BASLOCK, BRYAN KOLAR, EDWARD KOSAL, MARSHA KOSAL, GERALD KURAS, KELLI ROBERTS, STEVEN ROBERTS, and JACKIE SALOWITZ,

UNPUBLISHED
June 05, 2026
9:21 AM

Plaintiffs-Appellants,

v

No. 376557
Sanilac Circuit Court
LC No. 25-040934-AW

TOWNSHIP CLERK DARCY LIPSKEY and MINDEN TOWNSHIP,

Defendants-Appellees.

Before: BAZZI, P.J., and RICK and MALDONADO, JJ.

PER CURIAM.

In this action involving petition circulator signature requirements under the Michigan Election Law, MCL 168.1 *et seq.*, plaintiffs appeal by right the order granting summary disposition in favor of defendants, Minden Township and Township Clerk Darcy Lipskey, pursuant to MCR 2.116(C)(8) (failure to state a claim). We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiffs are circulators of a petition that sought to hold a referendum on a Minden Township zoning ordinance that regulated the operation and maintenance of solar-energy facilities.[1] Plaintiffs were required to obtain 34 signatures on the petition in order to place a referendum on the ballot. Initially, Lipskey determined that the petition sheets contained 108 valid signatures. However, she subsequently reversed that determination because plaintiffs failed to

---

[1] Plaintiffs allege that the ordinance was approved to enable DTE Electric Company (DTE) to pursue the construction of solar-energy facilities in Minden Township. DTE has filed an amicus curiae brief on appeal.

identify their city or township in the circulator's certificate portion of the sheets, instead providing their mailing addresses.

Thereafter, plaintiffs filed a complaint for a writ of mandamus, seeking to compel defendants' acceptance of the sheets and the placement of the referendum on the ballot. Relying on *Wickman v Norway Twp Clerk*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367743); slip op at 9, which held that a circulator must indicate the circulator's city or township rather than a mailing address on the circulator's certificate, the trial court granted summary disposition to defendants under MCR 2.116(C)(8) and dismissed plaintiffs' complaint. This appeal ensued.

II. ANALYSIS

On appeal, plaintiffs assert that *Wickman* was wrongly decided and ask this Court to convene a conflict panel pursuant to MCR 7.215(J). We disagree and decline plaintiffs' request to initiate conflict-panel proceedings.

This Court reviews de novo a trial court's ruling on a motion for summary disposition under MCR 2.116(C)(8). *Bauserman v Unemployment Ins Agency*, 509 Mich 673, 686; 983 NW2d 855 (2022). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim. *Id*. "For purposes of this review, we accept all factual allegations in the complaint as true." *Id*. "This Court reviews de novo issues concerning the interpretation and application of statutes." *Wickman*, ___ Mich App at ___; slip op at 3. "We review a trial court's decision whether to issue the writ of mandamus for an abuse of discretion." *Id*. at ___; slip op at 3.

Central to this case is the applicability of *Wickman*. There, the plaintiff challenged the adoption of a Norway Township zoning ordinance that regulated solar-energy facilities. *Id*. at ___; slip op at 2. The plaintiff collected 49 signatures, but his petition sheets were stricken as defective because he failed to identify his city or township of residence in the circulator's certification section of the petition sheets. *Id*. at ___; slip op at 2. The plaintiff filed a complaint seeking a writ of mandamus, which the trial court dismissed following summary-disposition proceedings. *Id*. at ___; slip op at 2-3.

On appeal, the plaintiff argued that he was not required to strictly comply with the formal requirements for petition circulators under MCL 168.544c. *Id*. at ___; slip op at 3. This Court reasoned that the mandatory language of the Michigan Election Law requires strict compliance to statutory form and content requirements. *Id*. at ___; slip op at 6. This Court stated that a circulator's failure to identify their city or township on the petition renders the signatures on the petition invalid and uncountable, *id*. at ___; slip op at 6, and that it is not sufficient for a circulator to provide a postal address, *id*. at ___; slip op at 9. This Court held that, because the plaintiff had not identified his city or township when filling out the circulator's certificate, his petition sheets were invalid, and the error could not be excused. *Id*. at ___; slip op at 8. Accordingly, this Court affirmed the trial court's ruling that the plaintiff was not entitled to a writ of mandamus because the petition did not have enough valid signatures to be placed on the ballot. *Id*. at ___; slip op at 9.

The facts in this case are nearly identical. Here, Minden Township approved a zoning-ordinance amendment to regulate solar-energy facilities. Plaintiffs petitioned for a referendum,

but when completing the "Certificate of Circulator" portion of the petition sheets, each plaintiff printed their mailing address rather than providing their city or township. The principles announced in *Wickman*—which we are bound to follow under stare decisis—are directly controlling in this case and bar plaintiffs' claim for relief. See *Enbridge Energy, LP v State*, 332 Mich App 540, 554; 957 NW2d 53 (2020) ("Principles of stare decisis also require this Court to reach the same result in a case that presents the same or substantially similar issues presented in a case that another panel of this Court has decided.").

Nonetheless, plaintiffs maintain that *Wickman* was wrongly decided because this Court construed the phrase "City or Township" in MCL 168.544c(1) too narrowly and failed to consider the effect of MCL 168.544c(4) in its analysis. "All matters of statutory interpretation begin with an examination of the language of the statute." *McQueer v Perfect Fence Co*, 502 Mich 276, 286; 917 NW2d 584 (2018). When interpreting a statute, this Court's goal is to give effect to the intent of the Legislature. *Sunrise Resort Ass'n, Inc v Cheboygan Co Rd Comm*, 511 Mich 325, 333; 999 NW2d 423 (2023). The language of the statute itself is the primary indication of the Legislature's intent. *McQueer*, 502 Mich at 286. If the language of the statute is unambiguous, it must be enforced as written. *Sunrise Resort Ass'n*, 511 Mich at 334.

The Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq.*, allows a registered elector in the zoning jurisdiction of a city or township to file a petition following the publication of a zoning ordinance. MCL 125.3402(1). MCL 168.544c(2) provides the requirements for a circulator's petition to be valid:

> The petition must be in a form providing a space for the circulator and each elector who signs the petition to print his or her name. The secretary of state shall prescribe the location of the space for the printed name. The failure of the circulator or an elector who signs the petition to print his or her name, to print his or her name in the location prescribed by the secretary of state, or to enter a zip code or his or her correct zip code does not affect the validity of the signature of the circulator or the elector who signs the petition. A printed name located in the space prescribed for printed names does not constitute the signature of the circulator or elector. If an elector does not include his or her signature, his or her street address or rural route, or the date of signing on the petition as required under [MCL 168.544c(1)], the elector's signature is invalid and must not be counted by a filing official.

Accordingly, MCL 168.544c(2) incorporates MCL 168.544c(1), which in turn requires the petition sheet to provide a space for "City or Township, State, Zip Code." See *Wickman*, ___ Mich App at ___; slip op at 5 ("MCL 168.544c(2) contains specific requirements regarding the names and signatures of electors and circulators, and it then incorporates MCL 168.544c(1)[.]").

The *Wickman* Court engaged in a detailed interpretation of the intersection between the MZEA and the Michigan Election Law, including the requirement for a circulator to indicate the circulator's "City or Township." See *id*. at ___; slip op at 5-6. This Court concluded that "[t]he certification of the circulator is one portion of MCL 168.544c(1) that is incorporated into MCL 168.544c(2), and through it, ultimately to [the circulator's] petition sheets." *Id*. at ___; slip op at 7. This Court noted MCL 168.544c(2) provided four exceptions under which missing or incorrect information would not affect the validity of the circulator's signature on the petition sheets: "(1) a

failure to print a name, (2) a failure to print a name in the correct location, (3) a failure to enter a zip code, and (4) the entry of an incorrect zip code." *Id*. at ___; slip op at 8. This Court reasoned that, because the Legislature included a list of exceptions that did not include a failure to provide the circulator's city or township, this Court was required to presume that the omission was intentional. *Id*. at ___; slip op at 8.

First, plaintiffs argue that this Court's analysis was led astray by its assumption that a "City" or "Township" referred to a political subdivision rather than a postal designation provided by the United States Postal Service (USPS). Plaintiffs' argument is based on dictionary definitions and common usage, but the words "City" and "Township" must be construed consistent with their particular meanings under Michigan law.

This Court may consult a dictionary to determine the meaning of a statutory term. *Vayda v Lake Co*, 321 Mich App 686, 697; 909 NW2d 874 (2017). Additionally, the Corpus of Contemporary American English may provide empirical data regarding the ordinary usage of words. *People v Harris*, 499 Mich 332, 347; 885 NW2d 832 (2016).[2] However, if the Legislature has chosen words that have acquired a specific legal meaning, this Court construes those terms according to their legal meanings. *Williamson v AAA of Mich*, 513 Mich 264, 270; 15 NW3d 546 (2024).

The Michigan Constitution provides for forms of local government, including counties, Const 1963, art VII, § 1; townships, Const 1963, art VII, § 20; and cities and villages, Const 1963, art VII, § 21. The Michigan Election Law repeatedly refers to cities or townships in the context of political subdivisions. For instance, an individual is entitled to register as an elector in the city or township in which the elector resides, MCL 168.492; an application to register to vote must contain the applicant's city or township as well as the applicant's residential address, MCL 168.495(b) and (c); and the qualified voter file must contain a list of qualified electors residing in the city or township, MCL 168.509p(c). Because the terms "City" and "Township" have specific legal meanings, it would be inappropriate to interpret these terms consistent with a dictionary or corpus of ordinary usage. Accordingly, plaintiffs have not established that *Wickman* was wrongly decided on this basis.

Second, plaintiffs assert that the *Wickman* Court's analysis was deficient for failing to consider that circulators must be served at their residential address under MCL 168.544c(4). A nonresident circulator must agree to accept the jurisdiction of Michigan for the purposes of any legal proceedings concerning the petition sheet. MCL 168.544c(3). "If the secretary of state or a designated agent of the secretary of state is served with legal process as described in [MCL 168.544c(3)], the secretary of state shall promptly notify the circulator by personal service or certified mail at the circulator's residential address as indicated in the certificate of circulator." MCL 168.544c(4). The singular reference to mailing provided in MCL 168.544c(4) does not indicate that the Legislature intended a circulator to provide a mailing address consistent with the USPS rather than a "City or Township" in the circulator's certificate when, for the reasons

---

[2] See Davies, Corpus of Contemporary American English <https://www.english-corpora.org/coca/> (accessed May 29, 2026).

-4-

previously discussed, the Michigan Election Law repeatedly refers to those terms elsewhere, consistent with their specific legal meanings.

Third, plaintiffs argue that the Legislature could not have intended to authorize nonresident circulators in MCL 168.544c(1) and (3) while also making it impossible for many nonresidents to circulate petitions. This argument is conditioned on the faulty premise that a nonresident circulator who lives in a state that does not organize itself into cities or townships cannot fill out the circulator's certificate. However, if the nonresident circulator does not reside within a city or township, that circulator could accurately write "none" in that space. This argument is not persuasive.

Lastly, plaintiffs argue that the *Wickman* Court's interpretation of MCL 168.544c(1) risks disenfranchising voters who may assume that "City or Township" refers to their mailing address. However, this Court has recognized that "the best source of public policy is the Legislature," and therefore defers to the Legislature regarding matters with complex social or policy ramifications. *Gavrilides Mgt Co, LLC v Mich Ins Co*, 340 Mich App 306, 316; 985 NW2d 919 (2022). Nor can this Court disregard statutory language, even where the reason for its adoption is not apparent. *In re Forefeiture of Bail Bond*, 496 Mich 320, 336; 852 NW2d 747 (2014). Regardless of whether it was wise for the Legislature to require a petition circulator to indicate the circulator's "City or Township" rather than the circulator's mailing address, this Court cannot disregard the clear statutory language set forth in MCL 168.544c(1). Although we recognize the potential for voter disenfranchisement is a significant concern, it is one more appropriately addressed by the Legislature and does not present a basis for this Court to depart from *Wickman*.[3]

Affirmed.

/s/ Mariam S. Bazzi
/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado

---

[3] To the extent that the parties refer to the Michigan Supreme Court's denial of the *Wickman* plaintiff's application for leave to appeal, see *Wickman v Norway Twp Clerk*, ___ Mich ___; 17 NW3d 688 (2025), a denial of an application for leave to appeal does not express any opinion about the merits of an issue, see *Bates v Gilbert*, 479 Mich 451, 462 n 6; 736 NW2d 566 (2007). Our decision does not rely on the denial of the application or the concurrence to it.