*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARK A. HACKEL,

Plaintiff/Counterdefendant-Appellee,

v

MACOMB COUNTY BOARD OF
COMMISSIONERS,

Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
October 5, 2023

No. 362775
Macomb Circuit Court
LC No. 2018-001252-CZ

Before: REDFORD, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

In this action seeking declaratory relief and a writ of mandamus, defendant challenges the trial court's order granting the motion for summary disposition of plaintiff, Mark A. Hackel, acting in his official capacity as Macomb County Executive, and denying defendant's motion for summary disposition regarding defendant's counterclaim. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The sole issue in this appeal is factually undisputed and legal in nature—does defendant, the legislative branch of government in Macomb County, have the authority to pass an ordinance requiring plaintiff, the executive branch of government in Macomb County, to give defendant access to the County's financial software. The dispute arose in 2017, when defendant requested such access and plaintiff refused. Defendant sought access to the software because it believed that would enable a more efficient way for it to consider the proposed annual budget and appropriations ordinance prepared by plaintiff. In response to being denied access, defendant passed Ordinance 2017-04, § 10(H), which stated: "The Director of Legislative Affairs [(DLA)] for [defendant] shall be given real-time, read-only access to the financial software program the County uses." Plaintiff refused to comply with the ordinance, believing it violated the county charter.

Although plaintiff initiated this litigation regarding a different dispute, the only issue on appeal relates to defendant's counterclaims in which defendant sought a declaratory judgment regarding the ordinance's validity and enforceability, and a writ of mandamus directing plaintiff to comply with that ordinance. The parties exchanged motions for summary disposition, each

arguing that the Charter and relevant state law supported their positions. Defendant moved for summary disposition under MCR 2.116(C)(9), (10), and (I)(2). Plaintiff moved for summary disposition under MCR 2.116(C)(8) and (10). The trial court ultimately agreed with plaintiff, citing Macomb County Charter, Article III, § 3.5(a), which authorized plaintiff to control the Finance and Information Technology (IT) Departments of the County. Those departments, in turn, managed and regulated access to the County's financial software, OneSolution. The trial court dismissed the counterclaim

> because the Ordinance unlawfully infringes on the [plaintiff]'s Charter power to "supervise, coordinate, direct, and control" the Finance Department by purporting to prescribe access to the County's financial software system prohibited by the County's IT Policy, [defendant]'s motion for summary disposition is properly denied, and [plaintiff]'s motion for summary disposition is properly granted.

This appeal followed.

## II. STANDARDS OF REVIEW

In *Warren City Council v Buffa*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 365488); slip op at 6, this Court set forth many of the standards of review relevant in the present case:

> We review de novo a trial court's decision on a motion for summary disposition in a declaratory relief action. *League of Women Voters of Michigan v Sec'y of State*, 339 Mich App 257, 272; 981 NW2d 538 (2021). But the court's grant or denial of declaratory relief is subject to an abuse of discretion standard of review. *Reed-Pratt v Detroit City Clerk*, 339 Mich App 510, 516; 984 NW2d 794 (2021).

> We review for an abuse of discretion a trial court's decision regarding a writ of mandamus. *Citizens Protecting Michigan's Constitution v Sec'y of State*, 503 Mich 42, 59; 921 NW2d 247 (2018). However, whether a plaintiff has a clear legal right, and a defendant has a clear legal duty to perform, are questions of law subject to de novo review. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016) (citation omitted).

> The interpretation of a municipal charter presents a question of law that we review de novo. *Warren City Council v Fouts*, ___ Mich App ___; ___ NW2d ___ (Docket No. 361288, issued December 29, 2022), slip op at 6.

In *Hackel v Macomb Co Comm*, 298 Mich App 311, 318; 826 NW2d 753 (2012), this Court explained:

> County charter provisions are subject to the same rules of interpretation as are statutes. *Wayne Co* [*v Wayne Co Retirement Comm*], 267 Mich App [230,] 244[; 704 NW2d 117 (2005)]. When the language of a charter provision is unambiguous, it controls. *Id*. at 243. The framers of the charter and the people who voted to adopt it, "must be presumed to have intended that the provision be construed as it reads."

*Woods v Bd of Trustees of the Policemen & Firemen Retirement Sys of Detroit*, 108 Mich App 38, 43; 310 NW2d 39 (1981). When construing a statute, every word should be given meaning in order to avoid a construction that would render any part of the statute surplusage or nugatory. *Lapeer Co Abstract & Title Co v Lapeer Co Register of Deeds*, 264 Mich App 167, 172; 691 NW2d 11 (2004).

"This Court also reviews de novo questions of statutory construction, with the fundamental goal of giving effect to the intent of the Legislature." *McKenzie v Dep't of Corrections*, 332 Mich App 289, 296; 957 NW2d 341 (2020) (quotation marks and citation omitted). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Zwiker v Lake Superior State Univ*, 340 Mich App 448, 474; 986 NW2d 427 (2022) (quotation marks and citation omitted).

"MCR 2.116(C)(8) mandates summary disposition if the opposing party has failed to state a claim on which relief can be granted." *Veritas Automotive and Machinery, LLC v FCA Int'l Operations, LLC*, 335 Mich App 602, 607; 968 NW2d 1 (2021) (quotation marks and citation omitted). "A motion brought under MCR 2.116(C)(8) should be granted only where the complaint is so legally deficient that recovery would be impossible even if all well-pleaded facts were true and construed in the light most favorable to the nonmoving party." *Elia Cos, LLC v Univ of Mich Regents*, 335 Mich App 439, 446; 966 NW2d 755 (2021). "Only the pleadings may be considered when deciding a motion under MCR 2.116(C)(8)." *Elia Cos, LLC*, 335 Mich App at 446. "We review de novo the trial court's application of the court rules . . . ." *Sandstone Creek Solar, LLC v Benton Twp*, 335 Mich App 683, 712; 967 NW2d 890 (2021).

"When deciding a motion under MCR 2.116(C)(9), a trial court considers the pleadings alone, accepting as true all well-pleaded allegations, to assess the sufficiency of a defendant's defenses." *Vayda v Lake Co*, 321 Mich App 686, 692; 909 NW2d 874 (2017). "Summary disposition under MCR 2.116(C)(9) is proper when the defendant's pleadings are so clearly untenable that as a matter of law no factual development could possibly deny the plaintiff's right to recovery." *Id.* at 693 (quotation marks and citation omitted).

"This Court [] reviews de novo decisions on motions for summary disposition brought under MCR 2.116(C)(10)." *Pace v Edel-Harrelson*, 499 Mich 1, 5; 878 NW2d 784 (2016). A motion for summary disposition under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint . . . ." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper where there is no "genuine issue regarding any material fact." *Id.* "A genuine issue of material fact exists when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Auto-Owners Ins Co v Campbell-Durocher Group Painting & General Contracting, LLC*, 322 Mich App 218, 224; 911 NW2d 493 (2017) (quotation marks and citation omitted).

"It is proper to grant summary disposition to the opposing party under MCR 2.116(I)(2) if it appears to the court that that party, rather than the moving party, is entitled to judgment." *Empire*

*Iron Mining Partnership v Tilden Twp*, 337 Mich App 579, 586; 977 NW2d 128 (2021) (quotation marks and citation omitted).

## III. ANALYSIS

In *Hackel*, 298 Mich App at 316-318, another case involving the same parties, this Court described the interactions between the Michigan Constitution, state law, and the Macomb County Charter:

> "Any county may frame, adopt, amend or repeal a county charter in a manner and with powers and limitations to be provided by general law . . . . The law may permit the organization of county government in form different from that set forth in this constitution . . . ." Const 1963, art 7, § 2. Pursuant to this authority, the Legislature enacted the charter counties act, MCL 45.501 *et seq. Lucas v Wayne County Election Commission*, 146 Mich App 742, 749; 381 NW2d 806 (1985). MCL 45.514(1) provides, in relevant part:

> A county charter adopted under this act shall provide for all of the following:

> (a) In a county having a population of less than 1,500,000, for a salaried county executive, who shall be elected at large on a partisan basis, and for the county executive's authority, duties, and responsibilities. In a county having a population of 1,500,000, or more, a county charter adopted under this act shall provide for a form of executive government described and adopted under [MCL 45.511a].

> (b) The election of a legislative body to be known as the county board of commissioners, . . . and for their authority, duties, [and] responsibilities . . . .

> MCL 45.511a(8) prescribes the powers and duties to be granted to the county executive in a county having a population of 1.5 million or more. But in counties that have a population of fewer than 1.5 million, MCL 45.514(1) unambiguously says that the county charter shall provide for the county executive's authority, duties, and responsibilities and for the county board of commissioners' authority, duties, and responsibilities. MCL 45.514(1) thus represents the Legislature's decision "to delegate the function of allocating power in a charter county to the charter commission in the first instance, subject to final approval by the affected voters." *Oakland County Comm'rs v Oakland County Executive*, 98 Mich App 639, 650; 296 NW2d 621 (1980).

> Therefore, because Macomb County has a population of less than 1.5 million, this Court must look to the provisions of the Macomb County Charter to determine the manner in which that county's voters chose to allocate the respective powers of the Executive and the Commission. *Id*. at 649-650. [Alterations in original.]

As noted in this Court's previous opinion, attention must be placed on the pertinent provisions of the Macomb County Charter. Under Macomb County Charter, Article IV, § 4.1, the adoption of the Charter created the Commission, defendant, in whom "the legislative power of the County is vested[.]" The Charter lists specific powers of defendant, including that it may "[a]dopt, amend, or repeal ordinances or resolutions;" Macomb County Charter, § 4.4(a); "[a]ppropriate funds, levy taxes, fees, and other charges, and authorize borrowing as provided by this Charter and applicable laws;" Macomb County Charter, § 4.4(c); and "[e]xercise any power granted by law to charter or general law counties unless otherwise provided by this Charter;" Macomb County Charter, § 4.4(j). The Charter specified that defendant "shall have and may exercise all legislative powers which this Charter could specifically enumerate as provided by the Constitution and the laws of the State of Michigan." Macomb County Charter, § 4.5.

As for plaintiff, Macomb County Charter, § 3.1, states: "The office of County Executive is created and the executive power of the County is vested in the Executive, who is the head of the executive branch of County government." Plaintiff's specific powers are enumerated in Macomb County Charter, § 3.5 under which plaintiff has, among other things, the "authority, duty, and responsibility to: [s]upervise coordinate, direct, and control all County departments except for departments headed by Countywide Elected Officials other than the Executive, facilities, operations, and services except as otherwise provided by this Charter or law;" Macomb County Charter, § 3.5(a); "[d]ischarge the duties granted the Executive by this Charter, law, or ordinance, and exercise all incidental powers necessary or convenient for the discharge of the duties and functions specified in this Charter or lawfully delegated to the Executive;" Macomb County Charter, § 3.5(c); and "[s]ubmit to the Commission a proposed annual budget;" Macomb County Charter, § 3.5(j). Plaintiff is also required to "file a report with [defendant] on the financial condition of the County at least quarterly." Macomb County Charter, § 3.7. Unlike defendant, the Charter contains no provision providing plaintiff with unenumerated residual powers.

Analysis of the provisions related to proposing, passing, and implementing a budget and appropriations for Macomb County each year, the Macomb County Charter, § 8.6.1, required plaintiff to "prepare and administer a comprehensive balanced budget in a manner which assures coordination among Agencies." After preparing the budget, plaintiff must "transmit the comprehensive balanced budget for the next fiscal year to [defendant] at least 90 days before the next fiscal year begins." *Id*. The document sent to defendant must include "the proposed appropriations ordinance containing the information required by law, and any information required by [defendant], law, or ordinance." *Id*. Defendant, in turn, must, "[b]efore the beginning of each fiscal year . . . adopt a balanced line item operating budget and an appropriations ordinance in accordance with the requirements of law." Macomb County Charter, § 8.7. The Charter also created a "department of Finance," which shall "[e]ffectuate the provisions of Article VIII of this Charter; and . . . [a]dminister financial affairs of the County in accordance with the law." Macomb County Charter, § 7.4.

Defendant sought mandamus to compel plaintiff to obey its ordinances requiring plaintiff to provide access to the financial software program. Mandamus "is an extraordinary remedy," and whether such "a writ issues is within the discretion of the court." *Warren City Council*, ___ Mich App at ___; slip op at 12. In *Warren City Council*, ___ Mich App at ___; slip op at 12, this Court provided a succinct yet detailed review of the law related to requests for mandamus:

Specifically, the [party seeking mandamus] has the burden to show:

> (1) a clear legal right to the act sought to be compelled; (2) a clear legal duty by the [opposing party] to perform the act; (3) that the act is ministerial, leaving nothing to the judgment or discretion of the [opposing party]; and (4) that no other adequate remedy exists. [*Twp of Casco v Sec'y of State*, 472 Mich 566, 621; 701 NW2d 102 (2005) (YOUNG, J., concurring in part).]

> In a mandamus action, "a 'clear, legal right' is one clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Taxpayers for Michigan Constitutional Government v Dep't of Technology, Mgmt, & Budget (On Remand)*, ___ Mich App ___; ___ NW2d ___ (Docket No. 334663, issued December 22, 2022), slip op at 9 (citations omitted). . . .

> Mandamus relates to the duties of public officials. *Vayda v County of Lake*, 321 Mich App 686, 700; 909 NW2d 874 (2017). A clear legal duty is asserted to compel the enforcement of an act by a public official. *Teasel v Dep't of Mental Health*, 419 Mich 390, 415 n 13; 355 NW2d 75 (1984). . . .

> "A ministerial act is one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Taxpayers for Michigan Constitutional Government v State of Michigan, Dep't of Technology, Mgmt, & Budget*, 508 Mich 48, 82; 972 NW2d 738 (2021) (quotation marks and citation omitted).

Defendant also requested declaratory relief in the form of a judgment that Ordinance 2017-04, § 10(H) is binding and enforceable. " 'In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.' " *Farish v Dep't of Talent & Economic Dev*, 336 Mich App 433, 452; 971 NW2d 1 (2021), quoting MCF 2.605(A)(1). "An 'actual controversy' under MCR 2.605(A)(1) exists when a declaratory judgment is necessary to guide a [party]'s future conduct in order to preserve legal rights. The requirement prevents a court from deciding hypothetical issues." *Int'l Union UAW v Central Mich Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012). "The essential requirement of an 'actual controversy' under the rule is that the [party seeking the relief] pleads and proves facts that demonstrate an adverse interest necessitating the sharpening of the issues raised." *Id*. (quotation marks and citation omitted).

Both defendant's request for declaratory relief and mandamus rely on the validity and enforceability of Ordinance 2017-04, § 10(H). "In an action seeking mandamus and declaratory relief, the [party seeking the relief] bears the burden of proof." *Davis v Secretary of State*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (citation omitted) (Docket No. 362841); slip op at 8. The parties neither dispute that defendant generally has the power to pass ordinances, Macomb County Charter, § 4.4(a), nor that defendant adopted this ordinance. The question central to this appeal is whether the ordinance requiring plaintiff to give defendant's DLA access to OneSolution,

is invalid as argued by plaintiff. The parties disagree regarding whether the Macomb County Charter and a relevant state statute, the Uniform Budgeting and Accounting Act (UBAA), MCL 141.421 *et seq.*, render the ordinance invalid.

Generally, this Court "presumes that a challenged ordinance is valid." *Houdek v Centerville Twp*, 276 Mich App 568, 573; 741 NW2d 587 (2007). However, a county ordinance "cannot provide for greater or lesser rights than those expressed in the charter." *Wayne Co v Wayne Co Retirement Comm*, 267 Mich App 230, 251; 704 NW2d 117 (2005), citing *Bivens v City of Grand Rapids*, 443 Mich 391, 400-401; 505 NW2d 239 (1993). In that respect, "[a]n ordinance enacted by the governing body of" a municipal unit "is valid only if it is consistent with the powers conferred by the state in its constitution and statutes, and if it falls within the scope of authority delegated by the electorate in the [] charter." *Bivens*, 443 Mich at 397. Additionally, "[c]harter counties are subject to restrictions that are imposed by general law," including "those restrictions [] imposed by the UBAA." *Macomb Co Prosecutor v Macomb Co Executive*, 341 Mich App 289, 299; 989 NW2d 864 (2022) (quotation marks and citation omitted).

This dispute requires interpretation of the Macomb County Charter and the UBAA to determine whether the ordinance passed by defendant is "consistent with the powers conferred" upon defendant by the Charter provisions and cited statute. *Bivens*, 443 Mich at 397. "County charter provisions are subject to the same rules of interpretation as are statutes." *Hackel*, 298 Mich App at 318.

This issue requires us to engage in statutory interpretation. "When construing a statute, this Court's primary goal is to give effect to the intent of the Legislature. We begin by construing the language of the statute itself. When the language is unambiguous, we give the words their plain meaning and apply the statute as written." [*Rowland v Washtenaw County Rd Comm'n*, 477 Mich 197, 202; 731 NW2d 41 (2007)] (citation omitted). "We must examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme." *Ally Fin, Inc v State Treasurer*, 502 Mich 484, 493; 918 NW2d 662 (2018) (quotation marks and citation omitted). "In doing so, we consider the entire text, in view of its structure and of the physical and logical relation of its many parts." *Id.* (quotation marks and citation omitted). Proper statutory interpretation requires: (1) reading the statute as a whole, (2) reading its words and phrases in the context of the entire legislative scheme, (3) while considering both the plain meaning of the critical words and phrases along with their placement and purpose within the statutory scheme, and (4) interpreting the statutory provisions in harmony with the entire statutory scheme. *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009). "If the language is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted." *Deruiter v Byron Twp*, 325 Mich App 275, 283; 926 NW2d 268 (2018) (citation omitted)[, rev'd on other grounds 505 Mich 130 (2020)]. "[W]e must give effect to every word, phrase, and clause and avoid an interpretation that would render any part of the statute surplusage or nugatory." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 361; 917 NW2d 603 (2018) (quotation marks and citation omitted).

[*Nyman v Thomson Reuters Holdings, Inc*, 329 Mich App 539, 544; 942 NW2d 696 (2019).]

Analysis of the relevant provision of the Macomb County Charter establishes that § 3.5(a) unambiguously provides the power to control access to OneSolution, the financial software at issue, to plaintiff, the county executive who is the head of the executive branch of county government. Beginning with the language of the Macomb County Charter, as we must, *Nyman*, 329 Mich App at 544, § 3.5(a) states that plaintiff "has the authority, duty, and responsibility to . . . [s]upervise, coordinate, direct, and control all County departments except for departments headed by Countywide Elected Officials other than the Executive, facilities, operations, and services except as otherwise provided by this Charter or law[.]" Separating this relatively dense provision into segments helps clarify its meaning. Initially, it plainly contemplates providing a specific "authority, duty, and responsibility" to plaintiff. Pertinently, the provision gives plaintiff the authority to "[s]upervise, coordinate, direct, and control all County departments . . . facilities, operations, and services," with some identified exceptions. *Id*. The first exception is that plaintiff's authority does not extend to county "departments headed by Countywide Elected Officials other than the Executive[.]" *Id*. The second exception provides that plaintiff's authority is limited "as otherwise provided by this charter or law[.]" *Id*.

Article VI of the Macomb County Charter discusses all of the departments in Macomb County headed by elected officials. Macomb County Charter, art VI. These include the sheriff, the prosecuting attorney, the county clerk, register of deeds, treasurer, and commissioner of public works. Macomb County Charter, §§ 6.1 to 6.5. Notably, the Finance and IT Departments are not included as one of the departments headed by an elected official. *Id*. As a result, under Macomb County Charter, § 3.5(a) plaintiff has the power to "[s]upervise, coordinate, direct, and control" the Finance and IT departments of Macomb County. Further, under Macomb County Charter, § 7.4, the Finance Department must "[e]ffectuate the provisions of Article VIII of this Charter; and . . . [a]dminister financial affairs of the County in accordance with law." It is undisputed that the Finance Department manages OneSolution, because it is the financial software used for the entire County. Moreover, while the Charter does not address the IT Department, there is no dispute it controls cybersecurity for the County, which includes managing access to government software.

While the trial court addressed dictionary definitions to define terms in Macomb County Charter, § 3.5(a), it is unclear whether such is necessary. The words "[s]upervise, coordinate, direct, and control," *id*., have plain meanings which comport with plaintiff exercising control over which government officials can access OneSolution and to what extent. In the simplest terms, the Finance Department manages OneSolution, and plaintiff "controls" the Finance Department. The IT Department regulates access to OneSolution via cybersecurity policies, and plaintiff "controls" the IT Department. There is no possible meaning of "control," as used in Macomb County Charter, § 3.5(a), which would not comport with plaintiff's authority to supervise, coordinate, and direct the Finance Department and the IT Department regarding how to manage and regulate access to OneSolution. Indeed, although in a different context, this Court has stated that one of the hallmarks of having "control" is the "right to exclude others . . . ." *Breakey v Dep't of Treasury*, 324 Mich App 515, 526 n 8; 922 NW2d 397 (2018).

This, of course, is not the end of the analysis, because plaintiff's authority to control the Finance and IT Departments is not without limits. As noted above, plaintiff's authority is curtailed

when "otherwise provided by this Charter or law[.]" *Id*. Therefore, if plaintiff's control over access to OneSolution violates the Macomb County Charter or other state law, then it is impermissible under the clear and unambiguous exception in Macomb County Charter, § 3.5(a). Defendant contends such is the case here because the Charter and the UBAA regulate plaintiff's and defendant's roles in the budget-making process which entitles defendant to pass an ordinance requiring access to OneSolution. Defendant is incorrect.

Conveniently, this Court recently discussed the various charter provisions at issue when considering the Macomb County budget-making process in *Macomb Co Prosecutor*, 341 Mich App at 306:

> County Charter § 3.5(j) provides that the Executive has the authority to "[s]ubmit to the Commission a proposed annual budget." In addition, § 3.9 specifically provides the Executive with a line-item veto over appropriations:
>
> > Unless prohibited by law, the Executive may veto an ordinance, a line item of an ordinance appropriating money, or a resolution having the effect of law or approving a contract, by transmitting to the Commission notice of the veto and reasons for the veto. If the Executive fails to exercise the veto within 10 business days after receipt of the ordinance by the Executive . . . the action of the Commission takes effect.
>
> Sections 4.4(a) and (c) provide that the Board has the authority to, respectively, "[a]dopt, amend, or repeal ordinances or resolutions" and "[a]ppropriate funds, levy taxes, fees, and other charges." However, § 6.6.4(c) provides that "[t]he existence, organization, qualifications, powers, and duties of the Countywide Elected Officials and [certain] departments . . . shall be subject to . . . [a]ll personnel, budgeting, and expenditure recommendations of the Executive as approved by the Commission." Article VIII of the County Charter governs the financial management of the county. Section 8.6.1 provides as follows:
>
> > The Executive shall prepare and administer a comprehensive balanced budget in a manner which assures coordination among Agencies. The Executive shall transmit the comprehensive balanced budget for the next fiscal year to the Commission at least 90 days before the next fiscal year begins. The comprehensive balanced budget prepared and recommended by the Executive shall contain, at a minimum, the budget message, budget document, the proposed appropriations ordinance containing the information required by law, and any information required by the Commission, law, or ordinance.
>
> Section 8.7, which is titled "Adoption of Line Item Operating Budget," provides as follows:

> Before the beginning of each fiscal year of the County, the Commission shall adopt a balanced line item operating budget and an appropriations ordinance in accordance with the requirements of law.

In analyzing how these charter provisions interact with one another, this Court concluded defendant "bears primary responsibility for the final budget." *Macomb Co Prosecutor*, 341 Mich App at 307. Notably, while plaintiff must prepare and present a proposed budget and appropriations ordinance, defendant has the ultimate responsibility to actually "appropriate funds" and "adopt a balanced line item operating budget and an appropriations ordinance each fiscal year." *Id.* (quotation marks omitted), citing Macomb County Charter, §§ 3.5(j), 4.4(c), 8.6.1, and 8.7. Therefore, defendant has the principal role in determining the final budget of Macomb County.

Defendant attempts to conflate this role in the process with an inherent right to regulate how plaintiff must interact with defendant while engaged in making the budget. The actual language in the Charter does not support defendant's argument. As noted, each year, plaintiff must prepare and "transmit" a proposed budget and appropriations ordinance to defendant. Macomb County Charter, § 8.6.1. Along with those items, plaintiff must also "transmit to" defendant certain "information required by law . . . ." *Id.* Defendant's argument in this appeal focuses on the last line of Macomb County Charter, § 8.6.1, which states plaintiff must also "transmit . . . any information required by [defendant], law, or ordinance." Plaintiff's responsibility to send a proposed budget to defendant also appears in Macomb County Charter, § 3.5(j). Once in possession of the proposed budget and appropriations ordinance, defendant has the power to "adopt a balanced line item operating budget and an appropriations ordinance in accordance with the requirements of law." Macomb County Charter, § 8.7. This responsibility belonging to defendant comports with its power under Macomb County Charter, § 4.4(a), to adopt ordinances, and under § 4.4(c) to appropriate funds.

As noted, defendant's argument draws this Court's attention to the last line of Macomb County Charter, § 8.6.1 which entitles defendant to information it requires to consider plaintiff's proposed budget and appropriations ordinance. Defendant asserts that it has determined that it "requires" access to OneSolution to perform its budget-making duties, and has authority to direct plaintiff to relinquish it. *Id.* Defendant, however, confuses its right to information with a right to access the information in any manner and by any means it chooses.

Macomb County Charter, § 8.6.1 clearly and unambiguously states that plaintiff must "transmit" to defendant the information required by defendant to consider the budget and appropriations ordinance. The Charter does not define the word "transmit," so we must give the word its plain meaning. *Nyman*, 329 Mich App at 544. "This Court may rely on a dictionary definition to give an otherwise undefined word its plain and ordinary meaning." *Hackel*, 298 Mich App at 319 n 2. "Transmit" means "to send or convey from one person or place to another." *Merriam-Webster's Collegiate Dictionary* (11th ed).

Macomb County Charter, § 8.6.1 entitles defendant to receive information it requires to determine whether to adopt plaintiff's proposed budget and appropriations ordinance. However, the Charter specifically states that plaintiff has the responsibility to "transmit" the information to

-10-

defendant. *Id*. This means plaintiff must send or convey the required information to defendant. Simply put, Macomb County Charter, § 8.6.1 does not contemplate defendant accessing plaintiff's systems and gathering the information for itself. The Charter gives defendant the right to receive the information, but such information must be transmitted by plaintiff. *Id*. Therefore, under Macomb County Charter, § 3.5(a), plaintiff has the power to regulate access to OneSolution through its express power to control the Finance and IT Departments unless limited by another provision of the Charter. *Id*. In this case, under the Charter, plaintiff may lawfully exclude defendant from accessing OneSolution and plaintiff's exercise of its authority under the Charter does not violate defendant's right to receive information or interfere with its duty to pass a budget and appropriations ordinance.

Defendant also contends that plaintiff's policy of excluding defendant from accessing OneSolution fell outside of Macomb County Charter, § 3.5(a), because it violated state law, MCL 141.434(5). As with the Charter provisions, our review of a statute begins with the language of the statute. *Nyman*, 329 Mich App at 544. MCL 141.434(5) states in pertinent part: "The chief administrative officer shall furnish to the legislative body information the legislative body requires for proper consideration of the recommended budget." The substance of the statute telegraphs a nearly identical analysis as that applicable to Macomb County Charter, § 8.6.1.

Like the Charter, MCL 141.434(5) provides defendant the right to have information it requires and imposes a specific duty upon plaintiff to "furnish" defendant the information defendant requires. The only potential difference between the two, is that the Charter uses the term "transmit," Macomb County Charter, § 8.6.1, while the statute uses the word "furnish," MCL 141.434(5). The word "furnish" is not defined in the UBAA. "If a word in a statute is undefined, it must be given its plain and ordinary meaning, and it is proper to consult a dictionary for definitions." *Champine v Dep't of Transportation*, 509 Mich 447, 453; 983 NW2d 741 (2022) (quotation marks, citation, and alteration omitted). "Furnish" means "to provide with what is needed." *Merriam-Webster's Collegiate Dictionary* (11th ed). The word used in the statute, then, has effectively the same meaning as the one used in the Charter. Consequently, the analysis is the same. Defendant has a right to information, and plaintiff has a duty to send the information to defendant. Defendant's entitlement to information under MCL 141.434(5) does not contemplate accessing the information in whatever manner defendant chooses. Instead, the language in the statute specifically contemplates how defendant will receive the information—from plaintiff. *Id*. Therefore, because plaintiff's regulation of access to OneSolution via its control over the Finance and IT Departments does not violate defendant's rights under MCL 141.434(5), the exception to plaintiff's authority in Macomb County Charter, § 3.5(a), is not applicable under these circumstances.

Defendant offers several arguments to avoid the conclusion reached by the trial court and required by law. Defendant contends that affirming the trial court is improper because doing so will allow plaintiff to "control" defendant in its budget-making role which is not permitted because defendant is a county governmental unit "headed by Countywide Elected Officials other than the Executive[.]" *Id*. This argument is flawed because it is premised on defendant's incorrect assumption that it has the "right" to access OneSolution. Defendant simply lacks such a right. Moreover, plaintiff's decision to exclude defendant from accessing OneSolution is not "controlling" defendant in the budget-making process. Indeed, plaintiff is not controlling defendant's decision regarding what information defendant requires for consideration of the

-11-

budget proposed by the executive. Rather, plaintiff is controlling the Finance and IT Departments which manage and regulate access to OneSolution. Defendant provides no allegation that plaintiff has wrongfully limited the information it transmits or furnishes to defendant when defendant requests the information it requires. Defendant once again conflates access to information with the right to information. Defendant does not, under the Charter, have the right to access information in whatever manner by any means it sees fit. Instead, it has the right to have information provided by plaintiff. Consequently, plaintiff's regulation of access to OneSolution is not a manner of controlling defendant, which would remove it from the authority provided to plaintiff under Macomb County Charter, § 3.5(a).

Defendant also argues that the trial court's decision that plaintiff has the authority to regulate access to OneSolution improperly inferred a power possessed by plaintiff under the Charter. Defendant is correct the Charter provides only express powers to plaintiff. Macomb County Charter, § 3.5. Meanwhile, the Charter specifically states the powers granted to defendant under the Charter are not exclusive, Macomb County Charter, § 4.5, but defendant also has the authority to "[e]xercise any power granted by law to charter or general law counties unless otherwise provided by this Charter," Macomb County Charter, § 4.4(j). This Court acknowledged as much in *Hackel*, 298 Mich App at 320-321. However, the above analysis does not rely on inferring that plaintiff has a power on the basis of various charter provisions. On the contrary, it is plain under Macomb County Charter, § 3.5(a) that plaintiff has the *express* power to control the Finance and IT Departments, which in turn manage and regulate access to OneSolution. Defendant's argument, therefore, lacks merit.

Defendant's reliance on *Hackel* is misplaced entirely. While the opinion references the residual powers provided to defendant in the charter, this Court based its ultimate decision on an express power provided to defendant. *Hackel*, 298 Mich App at 318 ("The Macomb County Charter unambiguously grants to the Commission the discretionary authority to approve contracts."). In that case, plaintiff took the position that an array of provisions found in the Charter implied that it had the power to approve contracts. This Court found that argument lacked merit because, if such power existed by implication, it would nullify defendant's express authority under § 4.4(d) to approve contracts. *Id*. at 323-324. This Court explained that the argument failed "under the doctrine of *expressio unius est exclusio alterius*, or inclusion by specific mention excludes what is not mentioned." *Id*. at 324 (quotation marks and citation omitted). This Court reasoned that, because the charter expressly provided the power to approve contracts to defendant, it did not also impliedly provide the same power to plaintiff. *Id*. at 324-325 ("Accordingly, the charter's expression of the Commission's authority to approve contracts necessarily operates to exclude a comparable Executive power."). Similar analysis applies in this case. Here, plaintiff is the governmental entity with an express power under the Charter. That express power authorizes plaintiff to control the departments that manage and regulate access to OneSolution. Defendant does not have an expressly stated right in the Charter to direct plaintiff to give it access to OneSolution. As explained in *Hackel*, the Charter does not impliedly provide defendant such right.

Next, defendant claims the trial court's decision violated the maxim of statutory interpretation regarding specific and general provisions. Our Supreme Court has stated that "[w]here a statute contains a general provision and a specific provision, the specific provision controls." *TOMRA of North America, Inc v Dep't of Treasury*, 505 Mich 333, 350; 952 NW2d 384 (2020) (quotation marks and citation omitted). Contrary to defendant's argument, the specific

provision at issue is Macomb County Charter, § 3.5(a). Defendant relies on general powers. As discussed above, Macomb County Charter, § 3.5(a), provides express authority to plaintiff to control the two departments that manage and regulate access to OneSolution. Defendant, in turn, relies on its Charter-given right to have information it deems necessary to evaluate and adopt a budget and appropriations ordinance under Macomb County Charter, §§ 8.6.1 and 8.7. Defendant believes that the provisions on which it relies are more specific because it sees this litigation as being about the budget-making process in general. It is not. This litigation is about access to software and who can control the software and access to it. Thus, the more specific provision, when considering the litigation in the correct light, is Macomb County Charter, § 3.5(a), which controls, not defendant's more general right to have information about the proposed budget. *TOMRA of North America*, 505 Mich at 350.

Lastly, defendant claims that, if we affirm the trial court, then we will be rendering nugatory various terms of the Charter and MCL 141.434(5). As noted above, when analyzing a charter or statute, we must "avoid an interpretation that would render any part of the statute surplusage or nugatory." *Nyman*, 329 Mich App at 544 (quotation marks and citation omitted); *Hackel*, 298 Mich App at 318. More specifically, defendant contends that the trial court's decision rendered nugatory defendant's right to receive information it deems necessary to consider and adopt a budget and appropriations ordinance. Defendant's foundation for this argument, once again, is the presumption that Macomb County Charter, § 8.6.1 and MCL 141.434(5) provide defendant the right to determine how it will access information from plaintiff. As explained above, the Charter and the statute provide no such right to defendant. Instead, they specifically comprehend how defendant will receive the information it requires—it will be "transmitted" or "furnished" by plaintiff. *Id.*; Macomb County Charter, § 8.6.1. Consequently, if we were to read the statute and Charter in the manner suggested by defendant, the terms rendered nugatory would be "transmit" and "furnish," because defendant would be permitted to bypass that step and obtain the information on its own. Further, defendant would effectively exercise direction and control of plaintiff, powers defendant does not have under the Charter. Because we must avoid such an interpretation, *Nyman*, 329 Mich App at 544, we conclude that the trial court's decision are valid.

To summarize, plaintiff has the express power under Macomb County Charter, § 3.5(a) to manage and regulate access to OneSolution through control over the Finance and IT Departments. Defendant's passage of Ordinance No. 2017-04, § 10(H), which commanded plaintiff to give defendant's DLA access to OneSolution, was an impermissible attempt to exert power defendant does not have and invade plaintiff's power under the Charter. Therefore, because the challenged ordinance "provide[s] for greater" rights to defendant "than those expressed in the charter," *Wayne Co*, 267 Mich App at 251, and falls outside "the scope of authority delegated" to defendant by the Charter, the ordinance is invalid and unenforceable, *Bivens*, 443 Mich at 397. Considering that defendant's claims for declaratory relief and a writ of mandamus rely on the validity and enforceability of Ordinance 2017-04, § 10(H), those claims, as a matter of law, lack merit. *Warren City Council*, ___ Mich App at ___; slip op at 12; *Farish*, 336 Mich App at 452. The trial court,

therefore, did not err when it denied defendant's motion for summary disposition, granted plaintiff's motion for summary disposition, and dismissed defendant's counterclaims.[1]

Affirmed.

/s/ James Robert Redford
/s/ Colleen A. O'Brien

---

[1] Given our conclusion, plaintiff's arguments about alternative grounds for affirmance have been rendered moot and we decline to consider them. *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018).